**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Magistrate Judge David L. West**

**Criminal Case No. 11-CR-00412-MSK(8)**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

v.

**1.  ROBERT MASON BYAS,**

  **Defendant.**

_____

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND REASONS**
**FOR ORDER OF DETENTION**
_____

**THIS MATTER** came before the Court for a Detention and Preliminary Hearing on December 17, 2015 on a Petition on Violation of Probation and Warrant for Arrest of the Supervised Releasee.  Present were the following: Dondi Osborne, Assistant United States Attorney, Thomas R Williamson, counsel for the Defendant, the Defendant and Probation Officer, Erika Ball.   The Defendant waived the Preliminary Hearing and the Court heard arguments of counsel as to the Detention Hearing.

The Petition alleges one  (1) Violation of Supervised Release by the Defendant and the Court found that probable cause exists to believe that the Defendant violated conditions of his release as it relates to the dates of 10/28/15 and 11/9/15.

Under Rule 32.1, the court "may release or detain the [defendant] under 18 U.S.C. § 3143(a) pending further proceedings.  The burden of establishing that the person will not flee or pose a danger to any other person or to the community rests with the [defendant]."

In making my findings of fact, I have taken judicial notice of the information set forth in the original Judgment, Defendant's record of four (4) prior failures to appear, criminal history of prior felony convictions and the Petition on Violation on Supervised Release showing that the Defendant used or administered a controlled substance, amphetamine/methamphetamine which had not been prescribed by a physician on 10/28/15 and 11/9/15 and find that the Defendant has not met his burden of proof as to detention.

As a result, after considering all of these factors, I conclude that there is clear and convincing evidence that no condition or combination of conditions for release will reasonably assure the appearance of the Defendant.

**IT IS HEREBY ORDERED** that the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

**IT IS FURTHER ORDERED** that the Defendant be afforded reasonable opportunity for private consultation with counsel; and

**IT IS FURTHER ORDERED** that on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a Court proceeding.

**DATED and ENTERED** this 17th day of December, 2015.

                **BY THE COURT:**

                **s/David L. West**
                **United States Magistrate Judge**